JOHN H. HULTAIN *vs.* SUSAN MUNIGLE.

If a notice to quit and deliver up, in seven days from the service thereof, premises held un-
der a tenancy at will, with weekly payments of rent, is served by leaving the same
at the tenant's house upon a rent day, and he is absent at the time and does not return
for some days, the tenancy will not thereby be terminated upon the next rent day.

TORT for breaking and entering, on the 7th of October 1861,
a tenement occupied by the plaintiff for a shop and dwelling, as
tenant at will to the defendant, he paying rent to her on Satur-
day of each week. At the trial in the superior court, before
*Allen*, C. J., it appeared that on Saturday the 28th of Septem-
ber 1861 the defendant made and signed a notice to the plain-
tiff to " quit and deliver up the premises in seven days from the
service of this notice upon you, according to law, the rent being
due and unpaid," and caused the same to be served by putting
it under the outer door of the tenement. The plaintiff himself
was not at home at the time the notice was so left, and con-
tinued absent for some days; but his wife was at home, and
received the notice. The judge instructed the jury that the
notice was insufficient to terminate the tenancy of the plaintiff,
and they returned a verdict for the plaintiff, with $175 damages.
The defendant alleged exceptions.

*N. Richardson,* for the defendant.

*A. Russ,* for the plaintiff.

By the Court. We are of opinion that the notice to quit, which was given to the plaintiff, was not such as by law determined his tenancy. It should have shown on its face when he was required to quit. He was entitled to at least seven days' notice to quit on a rent day ; that is, on some Saturday. But he was required to quit in seven days after the service of the notice. If the service had been made on any day except Saturday, it would have been insufficient. The service, though made on a Saturday, was not given into his hands, but was left at his dwelling, when he was absent therefrom, " and continued absent for some days." We think he was not bound, on his return, to inquire when it was left, or, if he did inquire, to act upon the information that might have been given to him. As the notice did not of itself apprise him of the day when the defendant required him to quit, it was defective, and he lost none of his rights by disregarding it.

*Exceptions overruled.*